UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cr-00029-JRS-DML |
| | ) | |
| CARLO PAYNE, | ) -16 | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S
REQUEST FOR RELEASE**

## I. Introduction

This matter is before the Court on Defendant Carlo Payne's Request for Release [Filing No. 860], asserting that pretrial detention presents a danger to his health due to his vulnerability to the Coronavirus ("COVID-19") pandemic. The Government filed a Response in Opposition. [Filing No. 873.] For the following reasons, the motion is denied.

## II. Background

Payne was indicted on January 31, 2019, and subsequently by a superseding indictment on May 23, 3019, and charged with one count of conspiracy to distribute controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). [Filing No. 1; Filing No. 373.] Payne was brought into federal custody by writ and did not have a detention hearing. [Filing No. 102.] Payne now asks the Court to reconsider his detention of changed circumstances in jails and prisons across the country due to the COVID-19 pandemic. He seeks pretrial release on conditions pursuant to 18 U.S.C. § 3142(i). [Filing No. 860.]

The Government opposes the motion, arguing Payne's COVID-19 motion raises no valid changed circumstances relating uniquely to him. Rather, the Government contends that Payne makes only broad and unsubstantiated claims regarding conditions at the jail considering the worldwide spread of COVID-19 and argues that such speculation cannot justify Payne's release. The Government also notes that the Hamilton County Jail, where Payne is currently detained, has taken aggressive steps to counter the spread of the COVID-19 virus at its facility. Finally, the Government asserts that nothing in Payne's motion alters his risk of flight or the danger he poses to the community should he be released. [Filing No. 873.]

### III.  Analysis

As an initial matter, the Court determines a hearing is not necessary to address Payne's motion. A detention hearing under 18 U.S.C. § 3142 "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Furthermore, the Bail Reform Act provides for the "temporary release" of a person in pretrial custody "to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C § 3142(i).

Payne seeks release from detention because of the increased risk COVID-19 has on the elderly and those with underlying health conditions. There is no question that the entire United States, including Indiana and Kentucky, is in the midst of the COVID-19 pandemic. The virus has spread quickly across the country, and statistics regarding the number of persons infected by

COVID-19 rapidly change from day to day. *See, e.g.,* Coronavirus Map: Tracking the Spread of the Outbreak, The New York Times (May 13, 2020), at https://www.nytimes.com/interactive/2020/world/coronavirus-maps.html. Indiana alone has over 25,000 reported positive cases and over 1,400 deaths. *See* 2019 Novel Coronavirus (COVID-19), IN.gov (May 13, 2020), at https://www.coronavirus.in.gov/. As guidance and protocols continue to update and evolve, this Court has issued multiple general orders recognizing and responding to the ongoing public health emergency due to COVID-19. *See, e.g., In re: Continued Court Operations Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus*, General Order (S.D. Ind. May 12, 2020); *In re: COVID-19 – Court Proceedings, Courthouse Closures, Security Screening, and Probation*, General Order (S.D. Ind. Mar. 20, 2020); *In re: Court Operations Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus*, General Order (S.D Ind. Mar. 13, 2020).

Similarly, Attorney General William Barr sent a memo to federal prosecutors on April 6, 2020, advising them to take the COVID-19 pandemic into consideration when deciding whether to seek pretrial detention for criminal defendants. *See* William Barr, Memorandum for All Heads of Department Components and All United States Attorneys, *Litigating Pre-Trial Detention Issues During the COVID-19 Pandemic* (April 6, 2020), *available at* https://www.law360.com/articles/1260965/attachments/0. Barr also noted, however, that controlling weight should still be given to public safety. *Id*. ("As always, controlling weight should be given to public safety, and under no circumstance should those who present a risk to any person or the community be released. But the current COVID-19 pandemic requires that we also ensure we are giving appropriate weight to the potential risks facing certain individuals from

3

being remanded to federal custody.  Each case must be evaluated on its own, and where appropriate, the risks the pandemic presents should be part of your analysis[.]").

In addition, this Court and others around the country have recently considered the issue of the COVID-19 pandemic as it relates to motions to reconsider a detention order.  Many have found that a generalized threat of the existence, spread, and exposure to COVID-19 while detained, though undeniably concerning, presents no reasonable basis to reevaluate a detention order or order for the wholesale release of detainees.  *See, e.g., United States v. Howard*, No. 1:19-cr-00255-TWP-MJD, 2020 WL 1599693, at *2 (S.D. Ind. April 1, 2020) ("Howard's Motion provides no 'changed circumstances' or other compelling reason justifying his immediate release from pretrial detention."); Order, *United States v. Overton*, 4:19-cr-0023-SEB-DML, ECF No. 46 (S.D. Ind. Mar. 24, 2020) ("Although [the defendant's motion for release from custody] provides facts relating to the COVID-19 pandemic and to general concerns regarding prisons, it does not provide any particularized facts about Mr. Overton that permit the Court to weigh these concerns in a meaningful context."); *United States v. Sanders*, No. 19-CR-20037-01-DDC, 2020 WL 1528621, at *5 (D. Kansas Mar. 31, 2020) ("On balance, Mr. Sanders has not shown a compelling reason that persuades the court that temporary release is necessary under § 3142(i).  His arguments are speculative."); *United States v. Clark*, No. 19-CR-40068-01-HLT, 2020 WL 1446895, at *8 (D. Kansas Mar. 25, 2020) ("On balance, Mr. Clark has not established compelling reasons sufficient to persuade the court that temporary release is necessary.  He has established only that his status as a diabetic puts him at an increased risk for experiencing severe illness if he were to contract COVID-19.  His arguments regarding the risk of an outbreak at his facility [are] speculative.").

However, a more specific and detailed threat based on a defendant's personal health or other characteristics may be sufficiently material to warrant a modification. *See, e.g.,* Order, *United States v. Johnson*, 1:19-cv-00214-TWP-TAB, ECF. No. 58, at *3 (S.D. Ind. April 1, 2020) ("The Court finds the COVID-19 pandemic and Johnson's health condition [(61 years old, sleep apnea)] has created a compelling reason for Johnson's release from detention."); *United States v. Garcha*, 19-cr-00663-EJD-1, 2020 WL 1593942, at *4 (N.D. Cal. April 1, 2020) ("Here, the Court is persuaded that the proffers of evidence from Mr. Garcha's treating physicians, together with the other evidence and public reports on which Mr. Garcha relies, support his contention that his individual circumstances—a compromised immune system and lung damage due to a pulmonary embolism—render him particularly susceptible to infection from the COVID-19 virus while in custody and particularly at risk of severe illness or death as a result of such infection."); *United States v. Perez*, 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) ("The Court's decision in this case is based on the unique confluence of serious health issues and other risk factors facing this defendant, including but not limited to the defendant's serious progressive lung disease and other significant health issues, which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19 as compared to most other individuals.").

In this case, Payne's motion fails to set forth "changed circumstances" justifying a change in his detention. Payne is diabetic and insulin-dependent, which does render him more susceptible to COVID-19 than the average person. Thus, the Court does not discount Payne's concerns as to COVID-19. However, Payne is currently being held at the Hamilton County Jail, which has taken numerous steps to protect detainees from exposure to COVID-19 and does not appear to have any reported cases at the facility at this time. In addition, what remains

unchanged is that Payne, at 40 years old, has a lengthy criminal history stretching back to age 17. He has several prior felony drug-related convictions and now faces multiple drug-related felonies in federal court based on his alleged involvement in distributing methamphetamine. He also has numerous probation and/or pretrial release violations, multiple failures to appear, and a 2019 pending petition to revoke his release on a drug-related conviction out of Terre Haute City Court. Given the nature of the charges Payne is facing, he is presumptively both a risk to the community and a risk of flight. The COVID-19 situation does not change this presumption. Therefore, Payne's motion is denied.

**IV.   Conclusion**

For the reasons set forth above, Payne's Request for Release [Filing No. 860] is denied.

Date: 5/13/2020

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email